Argued and submitted August 3, 2001, affirmed February 27, 2002

Eben FODOR,
*Appellant,*

*v.*

Wayne LEEMAN,
an individual;
and Ottaway Newspapers, Inc.,
a foreign corporation doing business as
The Mail Tribune,
*Respondents.*

981613L3; A108442

41 P3d 446

Davis C. Force argued the cause and filed the briefs for appellant.

Timothy C. Gerking argued the cause for respondent Wayne Leeman. With him on the brief were Mark R. Weaver and Brophy Mills Schmor Gerking & Brophy, LLP.

Karen C. Allan argued the cause for respondent Ottaway Newspapers, Inc. With her on the brief was Foster Purdy Allan Peterson & Dahlin, LLP.

Before Armstrong, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

ARMSTRONG, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## ARMSTRONG, P. J.

Plaintiff appeals from a judgment that dismissed his defamation claim against defendants Wayne Leeman and Ottaway Newspapers, Inc. The claim is based on an editorial advertisement that Leeman wrote and Ottaway published in the Medford *Mail Tribune* that criticized an article that plaintiff had written. We affirm.

Plaintiff is an independent consultant, author, and lecturer. He has published several articles on land use issues. Plaintiff spoke at a conference in 1995 at which he presented an article that he had prepared on the infrastructure cost of a new home. Plaintiff sold copies of the article at the conference and sent copies of it to government agencies and others, inviting comment. In 1996, plaintiff produced another self-published version of the article that included changes from the 1995 version to respond to comments that he had received on the earlier one. Plaintiff later submitted the article to the journal *Population and Environment,* which subjected it to a peer-review process and published it in March 1997. The article was shortened for publication but remained substantially the same as the 1996 self-published version.

Plaintiff spoke at a meeting in the summer of 1996. An audience member obtained a copy of plaintiff's 1996 self-published article at the meeting and later gave it to Leeman. Leeman is a member of 20-20 Commitment, a land use planning group. 20-20 Commitment decided to pay Ottaway to publish a series of editorial advertisements in order to publicize the group's views. Leeman wrote most of the editorial advertisements.

In one of the editorial advertisements, Leeman criticized plaintiff's 1996 self-published article on the infrastructure cost of a new home. Leeman began the editorial advertisement by introducing plaintiff and his article. He then made the first statement that plaintiff contends is defamatory: "To put it charitably, [plaintiff] is careless with figures." Leeman proceeded to identify the sources of plaintiff's data, pointing out that plaintiff had relied on data from New Jersey as well as from various Oregon cities and governmental agencies. He then made the second statement that

plaintiff contends is defamatory: "The question that must be asked is whether [plaintiff]'s data support his conclusions? **The answer is a resounding no!**" (Boldface in original.) Leeman proceeded to criticize plaintiff in detail for using a summation of costs and an arithmetic mean analysis, for using carefully selected data from diverse sources rather than random samples of data, and for using data from governmental sources that Leeman believed were biased. Leeman concluded the advertisement with these statements that plaintiff alleges are defamatory:

> "What would a good study of infrastructure costs look like? * * * The study would appear in a reputable journal where, before publication, it was subject to peer review by outside referees.

> "Because [plaintiff's] report does not meet such standards of **responsible inquiry**, [plaintiff's] **report is totally without scientific merit.**

> "20-20 Commitment is confident that sophisticated environmentalists will not use [plaintiff's] flawed * * * study as a basis for contentions that system development charges in Medford, Ashland, Jacksonville, and other cities in the Rogue Valley are too low."

(Boldface in original.)

At his deposition, Leeman was asked about the purpose of his article:

> "Q. So you wanted to discredit [plaintiff's work] to the extent that people on the other side of the issues from you would not be tempted to use the contents of [plaintiff's] report in opposition to 20-20 Commitment's position, is that correct?

> "A. Yes.

> "Q. And that ultimately was the, is it fair to say that's the reason why this entire document was, why 20-20 paid money to put this document in the Mail Tribune?

> "A. It's a public policy issue and 20-20 is interested in public policy.

> "Q. And in the public policy debate you wanted to make sure that the research done by [plaintiff] wasn't used against you?

"A. Against the public policy.

"Q. The public policy that you advocated?

"A. That 20-20 more or less advocates."

Leeman had several conversations with Ottaway employees about the publication of the 20-20 Commitment advertisements. At least one employee reviewed the advertisement that challenged plaintiff's article and determined that it was an appropriate advertisement to publish.

Plaintiff sued Leeman and Ottaway for defamation. Defendants moved for summary judgment on the grounds that Leeman's statements were not false or defamatory and that neither defendant had acted with actual malice. The trial court granted their motion. Plaintiff argues on appeal that the court erred because there were genuine issues of fact on whether the statements that Leeman wrote were false and defamatory and whether defendants had acted with actual malice. Defendants make contrary arguments. We need not decide whether there were triable issues of fact on whether Leeman's statements were false and defamatory, because we conclude that plaintiff failed to submit evidence sufficient to create an issue of fact on whether defendants acted with actual malice in publishing the advertisement.

 All parties agree that plaintiff is a limited public figure. Because he is, he must prove by clear and convincing evidence that Leeman and Ottaway acted with actual malice toward him when they published the advertisement. *See New York Times v. Sullivan*, 376 US 254, 279-80, 84 S Ct 710, 11 L Ed 2d 686 (1964). To establish that defendants acted with actual malice, plaintiff must present evidence sufficient to support a finding that defendants knew that the allegedly defamatory statements that they made about plaintiff were false or that they made them with reckless disregard of their truth or falsity. *Id.* To establish that defendants made the statements with reckless disregard of their truth or falsity, plaintiff must present evidence sufficient to support a finding that defendants seriously doubted that the statements were true. *See, e.g., St. Amant v. Thompson*, 390 US 727, 731, 88 S Ct 1323, 20 L Ed 2d 262 (1968).

■ Here, plaintiff presented evidence that Leeman sought to discredit plaintiff's article, that Leeman did not investigate whether the article had been peer reviewed and published in a journal, and that Leeman did not investigate how plaintiff's work compared with the work of others in plaintiff's field. He contends that that evidence is sufficient to support a finding that Leeman made the allegedly defamatory statements about plaintiff with reckless disregard of their falsity. We disagree. The evidence is insufficient to establish that Leeman seriously doubted that his statements about plaintiff were true. The article that Leeman critiqued in the advertisement was plaintiff's 1996 self-published article. There is no evidence that Leeman knew of the later, peer-reviewed version of the article, so there is no basis on which to find that Leeman had a serious doubt about whether the article that he critiqued had been peer reviewed and published. Taken together, the evidence shows no more than that Leeman could have conducted a more thorough investigation to determine whether the statements that he made about plaintiff and his article were true. That evidence is insufficient to establish actual malice. *See, e.g., McNabb v. Oregonian Publishing Co.*, 69 Or App 136, 140-41, 685 P2d 458, *rev den* 297 Or 824 (1984), *cert den* 469 US 1216 (1985).

■ Plaintiff's claim against Ottaway is founded on the contention that Ottaway acted with actual malice because it failed to verify whether plaintiff's article had been peer reviewed and published in a journal. That claim founders for the same reason as does the claim against Leeman. Because a jury could not find on this record that either defendant acted with actual malice in publishing the 20-20 Commitment advertisement, the trial court did not err in granting defendants' motion for summary judgment.

Affirmed.